# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAMB, | 1:11-cv-00400-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT |
| v. | |
| SCOTT RAWERS, et al., | (ECF No. 3) |
| Defendants. | THIRTY DAY DEADLINE |

Plaintiff William Lamb ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. He has not consented to Magistrate Judge jurisdiction. The case has not yet been assigned to a District Judge.

On March 10, 2011, the Court severed Plaintiff's claims from those of his co-plaintiffs and opened the above-captioned civil case with Lamb as the sole Plaintiff. (Order, ECF No. 2.) On March 11, 2011, the Court issued an Order to Plaintiff to either consent or decline to jurisdiction by a Magistrate a Judge by April 14, 2011. (Order, ECF No. 3.) This deadline has long since passed without a response from Plaintiff.

On April 11, 2011, the Court's April 14 Order was returned by the U.S. Postal Service as undeliverable to Plaintiff. Over 63 days have passed and Plaintiff has not provided the Court with a new address or otherwise responded.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63)

> days thereafter of a current address, the Court may dismiss
> the action without prejudice for failure to prosecute.

In the instant case, over 63 days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). Plaintiff's failure to respond or otherwise proceed with this action constitutes a lack of prosecution.

In determining whether to dismiss an action for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal, as this case has been pending for over five years, since the original Complaint was filed in 2006. (Compl., ECF No. 1.) The Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the Court of his address. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --

1  public policy favoring disposition of cases on their merits -- is greatly outweighed by the
2  factors in favor of dismissal discussed herein.  Finally, given the Court's inability to
3  communicate with Plaintiff based on Plaintiff's failure to keep the Court apprised of his
4  current address, no lesser sanction is feasible.  As such, the Court recommends that this
5  matter be dismissed should Plaintiff not provide a correct mailing address within 30 days
6  of service of this Order.

7  Plaintiff has not consented to Magistrate Judge jurisdiction, and the case has not
8  yet been assigned to a District Judge.

9  **Accordingly,**

10  1.  **IT IS ORDERED** that the Clerk's Office of this Court assign this matter to
11  a District Judge at this time;

12  2.  **IT IS ORDERED** that Plaintiff inform the Court of his current address within
13  **thirty (30) days** of entry of this Order; and

14  3.  **IT IS RECOMMENDED** that in the event that Plaintiff does not apprise the
15  Court of his current address within **thirty (30) days** of entry of this Order,
16  this matter be **DISMISSED by the District Judge**.

17  Once this case has been assigned to a District Judge, these Findings and
18  Recommendations will be submitted to the assigned District Judge pursuant to the
19  provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these
20  findings and recommendations, any party may file written objections with the Court and
21  serve a copy on all parties.  Such a document should be captioned "Objections to
22  Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall
23  be served and filed within ten days after service of the objections.  The parties are
24  advised that failure to file objections within the specified time may waive the right to
25  appeal the District Court's order.  Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).
26  IT IS SO ORDERED.
27  Dated:   July 27, 2011             /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE
28